**In re DITROPAN XL ANTITRUST LITIGATION**

**City Of Fargo Health Trust Fund v. Alza Corp., N.D. California, C.A. No. 3:05–4684**

**Local 28 Sheet Metal Workers v. Alza Corp., N.D. California, C.A. No. 3:05–4758**

**United Food & Commercial Workers Union & Employers Midwest Health Benefits Fund v. Alza Corp., N.D. California, C.A. No. 3:06–314**

**Jabo's Pharmacy, Inc. v. Johnson & Johnson, et al., E.D. Tennessee, C.A. No. 2:05–317**

**No. 1761.**

Judicial Panel on Multidistrict Litigation.

April 17, 2006.

Before WM. TERRELL HODGES,*
Chairman, JOHN F. KEENAN, D.
LOWELL JENSEN, J. FREDERICK
MOTZ, ROBERT L. MILLER, Jr.,
KATHRYN H. VRATIL and DAVID R.
HANSEN, Judges of the Panel.

### TRANSFER ORDER

JOHN F. KEENAN, Acting Chairman.

This litigation currently consists of three actions pending in the Northern District of California and another action pending in the Eastern District of Tennessee.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant Alza Corp. (Alza) for coordinated or consolidated pretrial proceedings of the actions in the Northern District of California. Alza's motion is unopposed.

■ On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All

---

* Judge Hodges did not participate in the decision of this matter.

1. The Panel has been notified of two related actions pending in the Northern District of California. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36(2001). One of these two related actions was refiled there after voluntary dismissal of an additional action in the District of New Jersey that had been included in the Section 1407 motion.

actions involve allegations, made on behalf of putative multistate classes of purchasers of the drug Ditropan XL, that Alza engaged in a course of unlawful, anticompetitive conduct in order to exclude from the market generic versions of Ditropan XL, a sustained release version of oxybutynin, which is used to treat urinary incontinence. Plaintiffs bring their claims under various state unfair competition and/or antitrust laws. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. All but one of the actions, including potential tag-along actions, are already pending there. In addition, many of the relevant witnesses and documents are likely located in this district, where Alza is based.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Eastern District of Tennessee is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeffrey S. White for coordinated or consolidated pretrial proceedings with the actions pending there.